In re **TELEPHONE STORES OF AMERICA, INC., Debtor.**

**TELEPHONE STORES OF AMERICA, INC., By Daniel J. BEHLES, trustee, Plaintiff,**

v.

**BANQUEST NATIONAL BANK OF ALBUQUERQUE, f/k/a Fidelity National Bank, Defendant.**

**Bankruptcy No. 7–84–00198 MA.
Adv. No. 84–0162 M.**

United States Bankruptcy Court, D. New Mexico.

March 27, 1985.

Daniel J. Behles, Albuquerque, N.M., for plaintiff.

Sigrid E. Olson, Albuquerque, N.M., for defendant.

MARK B. McFEELEY, Bankruptcy Judge.

## MEMORANDUM OPINION

Telephone Stores of America, Inc., (TSA) by and through its trustee, Daniel J. Behles sued Banquest National Bank to recover a preferential transfer. The course of events which lead up to this lawsuit are not in dispute. TSA borrowed approximately $11,000.00 from Banquest National Bank. David Grady, one of the incorporators of TSA, was a guarantor on the obligations of TSA to Banquest National Bank. TSA defaulted on this note. The Bank and Mr. Grady agreed that Mr. Grady would obtain a personal loan from the bank in order to pay off the obligation of TSA. Mr. Grady went to the bank and obtained the loan. He then endorsed the check to TSA and gave it to Linda Wisner, the president of TSA, who was present at the bank. She endorsed the check and handed it to the loan officer.

The question for the Court is whether the endorsement of this check by Mr. Grady to TSA, rather than direct payment by Mr. Grady to the Bank, caused the funds to become property of the estate. If this money merely flowed through TSA to the bank, then it would not be a preferential transfer. However, if the money became part of the estate, the transaction would be preferential and thus avoidable by the trustee.

As a general rule, Colliers states that when a third-person makes a loan to a debtor specifically to enable the debtor to satisfy the claim of a designated creditor the proceeds never become part of the debtor's assets and therefore no preference is created. 4 Colliers on Bankruptcy, § 547.25 at 547 to 94 (15 Ed.1983). It makes no difference whether the funds are transferred directly to the lender or whether they are paid to the debtor with the understanding that they are to be paid to the creditor in satisfaction of his claim. *See, In re Castillo,* 39 B.R. 45 (D.Colo. 1984). Therefore, the crux of this case is Mr. Grady's intent when he signed the check over to TSA. If, in his mind, the money was to flow through TSA to pay the bank, then the transfer of the money would not be a preferential transfer. However, if Mr. Grady gave the money to TSA with no strings attached, then it would be a preferential transfer.

Mr. Grady, a licensed attorney in this state, testified that although the check that he signed over to TSA was in the exact amount of the debt owed to the bank, it was his intention that TSA could do anything it wanted with that check once he endorsed it to TSA. This representation by Mr. Grady's must be acknowledged by this Court, even though from all outward manifestations it would have appeared that the intention was for payment to flow through to the bank, thus relieving Mr. Grady from his obligation on his personal guarantee. Based on Mr. Grady's testimony as to his intentions, the Court finds that the monies became property of the estate and payment to the bank was a preferential transfer, all other elements being present.

Therefore, the Court finds that the transfer of the funds by TSA to Banquest National Bank was a preferential transfer within the meaning of 11 U.S.C. § 547(b) and may now be avoided by the trustee.

This memorandum opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.